IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GEORGE R. MACFARLANE, in his own right, by and through his power of attorney, Mary Beth Lewis, 481 Bennett Parkway Hornell, NY 14843 | Civil No. ___1:17cv12___ |
| Plaintiff | |
| vs. | JURY TRIAL DEMANDED |
| THE PAVILION AT BRADFORD REGIONAL MEDICAL CENTER 200 Pleasant Street Bradford, PA 16701 | |
| AND | |
| BRADFORD HOSPITAL 116-156 Interstate Parkway Bradford, Pa 16701 | |
| | (ELECTRONICALLY FILED) |
| Defendants | |

## COMPLAINT

AND NOW, comes the Plaintiff, George R. MacFarlane, in his own right, and by and through his daughter and power of attorney, Mary Beth Lewis, and through his undersigned counsel, Dougherty, Leventhal & Price, LLP, and hereby

complains of the Defendants as follows:

## THE PARTIES

1. The Plaintiff, George R. MacFarlane, is an adult individual and resident of the state of New York, residing therein at a long-term care facility known as Hornell Gardens, 434 Monroe Avenue, Hornell, NY 14843.  His daughter and power of attorney, Mary Beth Lewis, is an adult citizen and resident of New York at 481 Bennett Parkway, Hornell, New York 14843.

2. Defendant The Pavilion at Bradford Regional Medical Center (hereinafter, "The Pavilion") is a business offering rehabilitation services and/or skilled nursing care to individuals.  The principle place of business is 200 Pleasant Street, Bradford, McKean County, Pennsylvania.  Upon information and belief, the Pavilion is owned and/or operated by Defendant Bradford Hospital.  The Pavilion at Bradford Regional Medical Center is a fictitious name.

3. Defendant Bradford Hospital is a Pennsylvania non-profit, non-stock corporation with a principle place of business located at 116-156 Interstate Parkway, Bradford, McKean County, Pennsylvania.  Upon information and belief, Bradford Hospital is the owner of Defendant "The Pavilion at BRMC".  Additionally, it is believed and therefore averred that Bradford Hospital is currently operating as Bradford Regional Medical Center (hereinafter, "BRMC").

## JURISDICTION AND VENUE

4. Jurisdiction is vested in the United States District Court because the Plaintiff George R. MacFarlane is a resident of the state of New York and each of the Defendants are legal residents of the Commonwealth of Pennsylvania and the amount in controversy exceeds $75,000 dollars. Jurisdiction is invoked pursuant to 28 U.S.C. §1332 and venue is proper in the Western District of Pennsylvania in that the Defendants' facilities are located in McKean County and the facts and circumstances which give rise to this cause of action occurred in McKean County. Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. §1391.

## OPERATIVE FACTS

5. At all times material to this matter, the Plaintiff George R. MacFarlane (hereinafter, "MacFarlane") suffered a mild/moderate form of dementia and was not capable of making decisions or giving consent for any type of touching or inappropriate physical or sexual contact.

6. At all times relevant hereto, MacFarlane was a resident at the Pavilion at Bradford Regional Medical Center located at 200 Pleasant Street, Bradford, McKean County, Pennsylvania.

7. At all times material hereto, the Defendants and employees of the Pavilion at Bradford Regional Medical Center were aware that the Plaintiff MacFarlane suffered from mild/moderate dementia and was not capable of making decisions and/or realizing the consequences of his actions.

8. At all times material to this matter, the Defendant, the Pavilion at Bradford Regional Medical Center, acted in its own right as a corporate entity and by and through its agents, servants and/or employees.

9. At all times material to this matter, the Defendant, Bradford Hospital, acted in its own right as a corporate entity and by and through its agents, servants and/or employees.

10. At all times material hereto, while the Plaintiff MacFarlane was a resident at the Pavilion at BRMC (hereinafter, "the Pavilion"), both Defendants assumed control and custody over the Plaintiff MacFarlane's health, safety, and welfare. .

11. Upon information and belief, specifically, some time during the year of 2014, the Defendants accepted as a resident to the facility an individual by the name of Richard Knight.  Mr. Knight was approximately 57 years of age at the time that he was accepted at the Pavilion and had a history of inappropriate and aggressive behavior which the staff at the Pavilion was either aware of prior to his

admission or became aware of shortly after his admission.

12. Mr. Knight had been a resident at a group home known as Evergreen Elms some time prior to his admission to the Pavilion.

13. During the relevant time frame, to wit, the fall of 2014 and the month of January of 2015, staff members at the Pavilion, and in particular, Mr. Terrence Lopus, were aware of Mr. Knight's aggressive tendencies and realized that he was a risk to other defenseless residents of the facility, in particular, Plaintiff MacFarlane.

14. The source of Mr. Lopus' knowledge of Richard Knight is based upon the fact that during the time that Knight was a resident of Evergreen Elms, Lopus was a member of the board of directors and had been previously employed at Evergreen Elms. In addition, Pavilion staff members had witnessed the inappropriate conduct of Knight, including his inappropriate touching of other residents, in particular Plaintiff MacFarlane, prior to January 27, 2015, which is the date on which there was a confirmed assault by Richard Knight on Plaintiff MacFarlane.

15. Upon his admission to the Pavilion Richard Knight, who was approximately 23 years younger than Plaintiff MacFarlane, was placed in a room with Plaintiff MacFarlane without adequate supervision or appropriate safe guards

to ensure that Plaintiff MacFarlane, suffering from dementia, defenseless and unable to fend off Mr. Knight's assaults, was victimized by Knight.

16. Prior to January 27, 2015, George MacFarlane, Jr., the son of Plaintiff MacFarlane had witnessed Knight engage in inappropriate contact with Plaintiff MacFarlane, including sticking his fingers in Plaintiff MacFarlane's ears. George MacFarlane, Jr. complained about Knight's conduct and brought it to the attention of the staff and management at the Pavilion and was assured that his father would be cared for and would not be subjected to inappropriate touching or contact by Richard Knight.

17. Plaintiff MacFarlane's other children, including his daughter Mary Beth Lewis, raised the issue of Mr. Knight's behavior toward their father in the latter part of 2014. The staff at this time indicated that they would ensure that they would watch Knight carefully. During this time frame, specifically, November and December of 2014, Plaintiff MacFarlane would complain to his children that his testicles were sore. Nevertheless, the staff and the administration at the Pavilion made no meaningful effort to separate Knight from Plaintiff MacFarlane and ultimately allowed the sexual assault of Richard Knight upon Plaintiff MacFarlane.

18.  Specifically, on the evening of January 27, 2015, one or more certified nursing assistants and employees of the Pavilion heard Plaintiff MacFarlane yelling, "get this monkey off of me".  When the CNAs walked into Plaintiff MacFarlane's room they found Knight with his hands in Plaintiff MacFarlane's briefs.  These same CNAs, upon information and belief, indicated that they believed that this conduct by Knight had been going on prior to January 27, 2015.

19.  As a result of the physical abuse by Richard Knight upon Plaintiff MacFarlane, Plaintiff MacFarlane was required to have one testicle removed approximately nine months after the January 27, 2015 assault.

20.  As a result of Knight's actions on the evening of January 27, 2015, Knight was charged with indecent assault of a person with a mental disability and indecent assault without the consent of another.  He subsequently pled guilty to a lesser charge.

21.  The Defendants without performing an appropriate assessment into the background or mental status of Mr. Knight and despite complaints by the family of Plaintiff MacFarlane as to Mr. Knight's behavior toward Plaintiff MacFarlane, accepted Knight into the Pavilion where Plaintiff MacFarlane had been residing for several years.

22. After accepting and placing Mr. Knight in the Pavilion facility, the Defendants took no steps to supervise Mr. Knight or restrict his access to patients at the facility who were defenseless to his unprovoked assaults. This was the case notwithstanding Plaintiff MacFarlane's children notifying the facility that Mr. Knight was engaging in inappropriate contact with their father. Notwithstanding the Defendants' assurances that they would surveil Mr. Knight's behavior so that he could not attack a defenseless resident like Plaintiff MacFarlane, the Defendants took no precautions to protect Plaintiff MacFarlane from Knight, a man with known aggressive tendencies.

23. On January 27, 2015, Knight sexually assaulted Plaintiff MacFarlane which ultimately resulted in the amputation of Plaintiff MacFarlane's testicle some nine months later. This assault was witnessed by two employees of the Pavilion.

24. Despite having actual and constructive notice of Mr. Knight's violent tendencies, the Defendants took no actions with regard to their lack of supervision over Mr. Knight by its agents, servants, and/or employees.

25. Despite having actual and constructive notice of Mr. Knight's violent tendencies, the Defendants failed to take measures to ensure that Knight did not harm Plaintiff MacFarlane.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

**Plaintiff George R. MacFarlane, by and through is Power of Attorney, Mary Beth Lewis v. The Pavilion at Bradford Regional Medical Center and Bradford Hospital**

26. The Plaintiff hereby incorporates paragraphs 1 through 25 as though the same were set forth at length.

27. Defendants individually, and by and through their agents, servants, supervisory personnel and employees were negligent, careless and recklessly indifferent to the needs and well being of Plaintiff MacFarlane and such negligence, carelessness, and reckless indifference was the proximate cause of the injuries and damages sustained by Plaintiff MacFarlane. The negligence, carelessness and reckless indifference of the Defendants in their own right, and by and through their agents, servants, supervisory employees, supervisors, and employees included, among other things, the following:

    a)    failing to properly assess Richard Knight in accepting him into the Pavilion facility as a man 23 years younger than Plaintiff MacFarlane with violent and inappropriate sexual tendencies;

b) failing to properly protect the health, safety and well being of Plaintiff MacFarlane;

c) failing to properly supervise and care for Plaintiff MacFarlane;

d) failing to protect Plaintiff MacFarlane from Richard Knight in the facility through its agents, supervisors and staff who had been warned that Knight had engaged in inappropriate contact toward Plaintiff MacFarlane;

e) failing to remove Knight from the same room as Plaintiff MacFarlane, when Plaintiff MacFarlane was 23 years older than Knight and permitting Knight to remain in the same room with Plaintiff MacFarlane thereby providing Knight access to assault Plaintiff MacFarlane;

f) allowing Knight to wander the facility without proper supervision;

g) admitting Knight to the facility without a proper assessment in violation of applicable state and federal OBRA regulations; and

h) violating both state and federal regulations regarding the operation of skilled nursing facilities in the Commonwealth of Pennsylvania.

28. The Defendants' conduct was careless and negligent in that the Defendants acted with disregard to the safety and the rights of Plaintiff

MacFarlane thus warranting compensatory damages.

29.  Solely as a result of the negligence, carelessness, and recklessness of the Defendants, both in their own right and through their employees, Plaintiff MacFarlane has suffered and will continue to suffer severe physical pain and mental suffering, a claim for which is hereby made.

30.  As a further result of the injuries sustained by Plaintiff MacFarlane, MacFarlane has incurred medical expenses associated with the treatment and removal of his testicle which was necessitated by the physical assaults visited upon him by Richard Knight.

31.  As a further result of the injuries sustained by Plaintiff MacFarlane, MacFarlane has suffered emotional distress and will continue to suffer emotional distress, a claim for which is hereby made.

WHEREFORE, the Plaintiff George R. MacFarlane, by and through his power of attorney, Mary Beth Lewis, demands compensatory damages in an amount in excess of the jurisdictional limit of 28 U.S.C. § 1331 together with interest, costs, delay damages and any other such relief as this Court deems appropriate.

# COUNT II

## Negligence - Vicarious Liability
## Plaintiff George R. MacFarlane, by and through is Power of Attorney, Mary Beth Lewis, v. The Pavilion at Bradford Regional Medical Center and Bradford Hospital

32. The Plaintiff hereby incorporates paragraphs 1 through 31 as though the same were set forth at length.

33. At all times and material hereto, the agents, servants, supervisors and employees of the Defendants acted under the corporate supervision and direction of the Defendants the Pavilion and Bradford Hospital.

34. The named Defendants are vicariously liable for the tortious conduct of their agents, servants, and employees pursuant to the doctrine of *respondeat superior*.

35. Solely as a result of the negligence and carelessness of the Defendants, Plaintiff MacFarlane has suffered and will continue to suffer severe physical pain and mental suffering, a claim for which is hereby made.

36. As a further result of the injuries sustained by Plaintiff MacFarlane, the Plaintiff has suffered emotional distress and will continue to suffer emotional distress, a claim for which is hereby made.

37. Solely as a result of the negligence and carelessness of the Defendants, Plaintiff MacFarlane has been required to incur medical expenses for his care and treatment and may be required to incur additional medical expenses in the future.

WHEREFORE, the Plaintiff George R. MacFarlane, by and through his power of attorney, Mary Beth Lewis, demands compensatory damages in an amount in excess of the jurisdictional limit of 28 U.S.C. §1331 together with interest, costs, delay damages and any other such relief as this Court deems appropriate.

## COUNT III

**Corporate Liability**
**Plaintiff George R. MacFarlane, by and through is Power of Attorney, Mary Beth Lewis, v. The Pavilion at Bradford Regional Medical Center and Bradford Hospital**

38. The Plaintiff hereby incorporates paragraphs 1 through 37 as though the same were set forth at length.

39. In the case of <u>Scampone v. Highland Park Care Center, LLC</u>, 618 Pa. 363, 57 A.3d 582 (2012), the Pennsylvania Supreme Court specifically held that skilled nursing facilities are subject to potential direct liability for negligence, where the requisite resident-identity relationship exists to establish that the entity owes the resident a duty of care.

40. It is believed and therefore averred that all of the aforementioned conduct of the facility and its authorized agents, servants, contractors, subcontractors, staff and/or partners, and employees, including, but not limited to, the nursing home administrator, nurses, certified nurses, nursing assistants, certified nursing assistants, and those persons granted privileges at the facility as outlined above, warrants a finding of corporate negligence based upon, among other things, the facility's failure to formulate, adopt, and enforce adequate rules and policies to ensure quality care for residents such as Plaintiff MacFarlane and a program to supervise and adequately assess the appropriateness of individuals such as Richard Knight for admission to a facility where some of the residents suffer from dementia.

41. The Defendants, the Pavilion at Bradford Regional Medical Center and Bradford Hospital, were independently negligent, careless, indifferent, and such negligence and carelessness was the proximate cause of the injuries and damages sustained by Plaintiff MacFarlane. The negligence and carelessness of the aforementioned Defendants, Bradford Regional Medical Center and Bradford Hospital, included among other things, the following:

   a) failing to select, hire, or retain competent staff, agents, servants,

        supervisors and employees;

b)     failing to implement a system in which background checks and mental health evaluations were performed on all residents prior to admission to assess their appropriateness for admission into a facility with people suffering dementia;

c)     failing to properly supervise and monitor the work of staff, agents, supervisors, servants and employees;

d)     failing to properly staff the facility;

e)     failing to properly educate, orientate, and train their staff, agents, servants, supervisors and employees in the proper assessment of patients to ensure their appropriateness for admission;

f)     failing to have in place prior policies and procedures to monitor the residents of the facility to ensure that residents were not subjected to violent or inappropriate sexual behavior at the hands of other residents; and

g)     failing to have in place proper policies and procedures to screen a potential resident of the facility prior to admission.

42.    The conduct of the Defendants, Bradford Regional Medical Center and Bradford Hospital, constituted a deviation from the recognized

standard of care which was a cause in fact and a substantial factor in the injuries and damages sustained by Plaintiff MacFarlane.

43. The manner in which the deviation from the standard of care occurred indicated that there were systematic and systemic problems with the Defendants' care and treatment of Plaintiff MacFarlane and accounted for the injuries and damages which Plaintiff MacFarlane sustained.

44. Solely as a result of the negligence, recklessness, and carelessness of the Defendants, Plaintiff MacFarlane has suffered and will continue to suffer severe physical pain and mental suffering, the claim for which is hereby made.

45. As a further result of the injuries sustained by the Plaintiff MacFarlane, Plaintiff MacFarlane has suffered emotional distress and will continue to suffer emotional distress, a claim for which is hereby made.

46. Solely as a result of the negligence and carelessness of Defendants, Plaintiff MacFarlane has been required to incur medical expenses for the care and treatment associated with the removal of his testicle and may be required to incur additional medical expenses in the future.

WHEREFORE, the Plaintiff George R. MacFarlane, by and through his power of attorney, Mary Beth Lewis, demands compensatory damages in an amount in excess of the jurisdictional limit of 28 U.S.C. §1331 together with

interest, costs, delay damages and any other such relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by a jury on all issues.

Respectfully submitted,

DOUGHERTY, LEVENTHAL & PRICE, LLP

By: s/ Sean P. McDonough
     SEAN P. MCDONOUGH, ESQUIRE
     Attorney ID # 47428
     smcdonough@dlplaw.com

By: s/ Patrick E. Dougherty
     PATRICK E. DOUGHERTY, ESQUIRE
     Attorney ID # 15812
     pdougherty@dlplaw.com

     75 Glenmaura National Blvd.
     Moosic, PA 18507
     Phone (570) 347-1011
     Fax (570) 347-7028